Sucn. de Alfredo Matheu, demandante y apelante, *v.* Municipio de Arecibo, demandado y apelado.

Núm. 8245.—*Sometido:* Noviembre 14, 1940. *Resuelto:* Noviembre 18, 1940.

*Diego E. Ramos,* abogado de la apelante; *E. Pérez Casalduc,* abogado
del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del
tribunal.

En este caso se dictó sentencia por la corte de distrito en
los siguientes términos:

". . . se declara con lugar la demanda y se condena al municipio
a pagar a los demandantes la suma de dos mil setecientos dólares,
más trescientos dólares para honorarios de abogado. El importe de
la sentencia será depositado en esta Corte por el municipio, para
determinar por orden posterior, qué cantidad debe ser sometida a
las restricciones legales sobre bienes de menores."

El municipio apeló y esta Corte Suprema confirmó la sen-
tencia recurrida. Devuelto el caso a la corte de distrito com-
pareció ante ella "la sucesión demandante por conducto de
su abogado" y alegando que los $2,700 que la corte ordenó
al demandado que satisficiera a la sucesión por vía de indem-
nización por la muerte de su causante, constituía un bien
ganancial a distribuir entre los componentes de la misma, a
saber, la viuda y sus tres hijos menores de edad, que la viuda
no estaba obligada ni deseaba permanecer indefinidamente en
la comunidad y que debido a la bancarrota en que se encon-
traba el municipio demandado no habría medio de cobrar la
sentencia, pudiendo sin embargo obtenerse los fondos nece-
sarios para cubrir las necesidades de la viuda y de los hijos
—indigentes todos—cediendo la viuda su haber en la senten-
cia a cualquier persona que quisiera negociar su adquisición,

y haciendo en la propia moción una distribución de la indemnización de acuerdo con las reglas fijadas por la ley para la herencia, a saber, $1,575 para la viuda y $375 para cada uno de los tres hijos, pidió a la corte que dictara providencia adjudicando a la viuda la cantidad que le correspondía para que pudiera disponer libremente de ella.

La corte sentenciadora resolvió como sigue la cuestión:

" . . . toda vez que la sentencia de esta Corte tal cual fué confirmada por el Tribunal Supremo ordena en su parte dispositiva que el importe de la misma sea depositado en esta Corte por el municipio para determinar por orden posterior qué cantidad debe ser sometida a las restricciones legales sobre bienes de menores, ȳ no habiendo todavía el municipio hecho el pago ni depositado la referida cantidad, es prematuro que la Corte resuelva sobre la suma que corresponda entregar a la viuda por la cantidad que le corresponde en dicha sentencia.

"Habiendo el municipio consignado en el presupuesto la suma para pagar dicha sentencia, lo que procede es que la parte demandante gestione el cobro de la misma a la mayor brevedad posible, lo que sería más beneficioso para la viuda y la sucesión demandante."

No conforme la parte demandante por su abogado apeló para ante este tribunal, señalando en su alegato tres errores que argumenta luego conjuntamente y que pueden comprenderse en el primero formulado así:

"La corte erró al interpretar su propia sentencia dictada en este caso, dando a las restricciones legales sobre bienes dé menores un alcance que no tienen, y mucho menos para ser aplicadas al derecho de la cónyuge supérstite."

En su argumentación se limita la parte apelante a citar los preceptos de ley y la jurisprudencia en que basa su contención de que la indemnización acordada por la sentencia constituye un bien ganancial sujeto a inmediata distribución, pero nada dice con respecto al efecto de una sentencia dictada en los términos en que lo fué la de que se trata en este caso.

De modo claro la corte por esa sentencia ordenó que su importe se depositara en la misma para determinar por orden

posterior qué cantidad debía ser sometida a las *restricciones* legales sobre bienes de menores.

La viuda, parte de la sucesión demandante, nada objetó, no pidió aclaración alguna, se conformó en absoluto con el fallo. Fué la parte demandada la que apeló, y al declarar sin lugar su recurso, esta Corte Suprema confirmó la sentencia íntegramente.

No se ha demostrado que la sentencia se haya cumplido por parte del demandado, esto es, que éste haya depositado su importe en la corte. Tampoco que exista la imposibilidad de que se cumpla. Al contrario, consta que el municipio consignó en presupuesto la suma a ser satisfecha, que es el primer paso que debe darse para el pago.

Siendo ello así y no habiendo citado la apelante ley o jurisprudencia que resuelvan el problema por ella planteado, ni expuesto razonamiento original alguno de peso que nos lleve a concluir que la corte en un caso de esta naturaleza no esté justificada en asumir la actitud que asumiera al considerar prematura la petición y beneficiosa la espera con indicación de que se gestione el cobro a la mayor brevedad posible, no nos sentimos obligados a revocar su orden si que más bien inclinados a confirmarla.

No comprendemos cómo si se sostiene que el municipio está en bancarrota, motivo por el cual el cobro es imposible, pueda encontrarse un comprador que adquiera la participación de la viuda, a menos que se trate de un precio irrisorio. Ello podría acarrear, además, perjuicios a los menores. Más sabio parece agotar antes la gestión directa del cobro y acudir sólo a medidas extremas cuando no exista otro remedio.

No procede el recurso. *Debe confirmarse la resolución apelada.*